[Cite as *Vance v. Cibella*, 2019-Ohio-5409.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MARY J. VANCE, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0082** |
| CAROL L. CIBELLA, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CV 00239.

Judgment: Reversed and remanded.

*Elise M. Burkey* and *James R. Scher,* Burkey, Burkey & Scher Co., L.P.A., 200 Chestnut Avenue, N.E., Warren, Ohio 44483 (For Plaintiff-Appellee).

*Michael D. Rossi*, Guarnieri & Secrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, Ohio 44482 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1}  Appellant, Carol L. Cibella, appeals the trial court's decision denying her motion for relief from judgment.  Cibella and appellee, Mary Vance, own adjacent real property.  Vance's dwelling, situated predominantly on her property, slightly encroaches on Cibella's property.  Vance filed suit for adverse possession, among other things, and the case was eventually settled pursuant to an agreed judgment entry granting Vance partial summary judgment and dismissing her other claims.  Cibella sought relief from the

parties' amended agreed judgment entry arguing that the agreement authorized a conveyance of more property than they had agreed, and the trial court improperly denied her motion. For the following reasons, we reverse and remand.

{¶2} Cibella raises one assignment of error:

{¶3} "The trial court erred in denying Appellant's motion for relief from judgment."

{¶4} Cibella argues the trial court abused its discretion in failing to grant her motion for relief from judgment. Cibella's motion seeks relief pursuant to subsections (B)(1) and (B)(3). She claims that it is evident that there is a mistake or misconduct by Vance warranting relief from the parties' agreed judgment because the documents attached to the agreed judgment and the amended agreed judgment convey more property to Vance than was agreed to by the parties.

{¶5} In response, Vance urges affirmance claiming that any mistake was that of Cibella's counsel alone, and as such, Civ.R. 60(B) relief is not warranted. Vance argues that the parcel to be conveyed via adverse possession included the overhang of the house and the six feet surrounding the encroachment to access the property for mowing and access to wash and repair the home. A plain language description of this nature conveying this additional six feet, however, is not present in the body of the parties' agreed judgment entry or the amended agreement.

{¶6} Vance argues that Cibella's problem arose because her attorney failed to comprehend the conveyance documents. And because he failed to understand and adequately explain the documents to Cibella, there was no mutual mistake of fact warranting relief from judgment.

{¶7} The trial court denied Cibella's motion without explanation.

2

{¶8}  We review appeals from a denied motion for relief from judgment for an abuse of discretion.  *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).  An abuse of discretion connotes judgment exercised by the trial court that does not comport with reason or the record.  *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶ 70.

{¶9}  "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error."  *Id.* at ¶ 70, quoting *State v. Beechler,* 2d Dist. No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 67.

{¶10}  Civ.R. 60 states:

{¶11}  "(B) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or

taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

{¶12} "In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that '(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied. *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 915.

{¶13} "In addition*,* if the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 665 N.E.2d 1102; *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 5 OBR 73, 77, 448 N.E.2d 809, 812. Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). *S. Ohio Coal Co. v. Kidney* (1995), 100 Ohio App.3d 661, 667, 654 N.E.2d 1017, 1021." (Emphasis added). *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶14} "Where timely relief is sought * * * and the movant asserts a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment

4

so that cases may be decided on their merits." *GTE Automatic, supra*, paragraph three of the syllabus.

{¶15} Here, the first and third prongs are not in dispute. Cibella's motion was filed within a year of the amended agreed judgment entry from which she seeks relief. Cibella also alleges a meritorious claim for relief, i.e., that the parties only agreed to a conveyance of the property on which Vance's dwelling sits, not an additional six feet.

{¶16} The parties' disagreement centers on the second prong, namely Cibella's claim that she is entitled to relief under either Civ.R. 60(B)(1) or (3) based on mistake and inadvertence or due to Vance's misrepresentation or other misconduct in attaching an overinclusive property description to the amended agreed entry.

{¶17} "In order to obtain relief on the basis of mistake, the court must find 'a mutual mistake shared by both parties as to a material fact in the case.' *Smith v. Smith,* 8th Dist. No. 83275, 2004 Ohio 5589, at ¶ 17.

{¶18} "'[T]he courts of this state have generally held that relief from the decree will not be granted when the alleged "mistake" was merely a unilateral mistake on the part of one party or her counsel.' *Irwin v. Irwin,* 11th Dist. No. 95-L-102, 1996 Ohio App. LEXIS 4210, at 13, 1996 WL 586762; see, also, *Cook v. Cook,* 11th Dist. No.2000-P-0057, 2001 Ohio App. LEXIS 3448, at 10-11 (party agreed to settlement dividing marital property by parcel rather than actual acreage); *Hytree v. Hytree,* 11th Dist. No. 93-L-036, 1994 Ohio App. LEXIS 2544, at 7-8 (party failed to have marital property properly valued prior to signing settlement agreement); *In re Wise* (1988), 46 Ohio App.3d 82, 83-84, 545 N.E.2d 1314, (party drafting settlement agreement failed to include the other party's military pension). In these situations, the party alleging the mistake 'must show why he was

justified in failing to avoid mistake or inadvertence[;] gross carelessness is insufficient.' *Galley v. Galley* (May 18, 1994), 1st Dist. Nos. 93-CA-31 and 93-CA-32, 1994 Ohio App. LEXIS 2105, at 11, 1994 WL 191431 (citation omitted); cf. *Najarian v. Kreutz* (Aug. 31, 2001), 6th Dist. No. L-00-1302, 2001 Ohio App. LEXIS 3887, at 9, 2001 WL 1001234 quoting *Walther v. Walther* (1995), 102 Ohio App.3d 378, 383, 657 N.E.2d 332 ('neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement')." *Mamula v. Mamula*, 11th Dist. Trumbull No. 2005-T-0148, 2006-Ohio-4176, ¶ 13-14.

{¶19} When seeking relief from judgment based on the adverse party's misconduct, "the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain a judgment and does not refer to conduct that would have been a defense to or claim in the case itself." *Bank of America, N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 13, citing *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383, ¶ 15.

{¶20} Vance filed suit against Cibella for adverse possession, declaratory judgment, and easement by prescription. Count one of Vance's complaint alleges that she and her predecessors have been in actual possession "of a portion of the lands" of Cibella "due to a portion of her dwelling encroaching on a small portion of" Cibella's land for more than 21 years. Cibella's answer admits this claim.

{¶21} In count two, Vance claims that the encroachment clouds both parties' titles to their real estate and that the issue could be resolved pursuant to a permanent

easement, but that because Cibella refused to execute or agree to an easement, the parties' titles are clouded. Cibella also admits this claim in her answer.

{¶22} Vance's demand for judgment sought a declaration that she is the owner of the property described in Exhibit C attached to her complaint and that she be granted an easement to access the housing encroachment for maintenance. Exhibit C attached to her complaint is the same map titled "Building Encroachment" that is attached to the parties' original agreed judgment. Vance sought adverse possession only of the property on which the house sits, not an additional six feet.

{¶23} Vance's affidavit, attached to the complaint as Exhibit D, states in part that Vance "claims title to that portion of property upon which her dwelling sits on the land of Carol L. Cibella by Adverse Possession." She also avers that Cibella and her attorney acknowledge Vance's claim and that "as a result, no encroachment exists as Mary J. Vance owns that portion of real property that her dwelling is constructed upon that was previously the property of * * * Cibella and that Carol L. Cibella has disclaimed any right, title and interest therein, *together with reasonable area adjacent thereto to maintain, repair or replace said structure.*" (Emphasis added.) Vance attests that Exhibit A to her affidavit describes the partial encroachment of her dwelling on the lands owned by Cibella.

{¶24} Exhibit C, attached to Vance's affidavit, is a letter from Cibella's attorney to Vance's lawyer in which Cibella concedes the ongoing encroachment and acknowledges Vance's adverse possession of "the portion of [Vance's] residence that encroaches upon [Cibella's] property * * *." The letter limits the scope of the concession to that property on which the dwelling sits.

7

{¶25} As stated, Cibella admits the allegations in paragraphs one and two of the complaint. Cibella also admits certain allegations in paragraphs three, four, and five. Based on these admissions, Vance moved for partial summary judgment, and the parties submitted an agreed judgment entry granting Vance summary judgment for adverse possession on count one and dismissing counts two and three. Count one makes no mention of an additional six feet for adverse possession; does not refer to a six-foot easement for cleaning and access to the home; and only refers to the encroachment.

{¶26} Throughout the pleadings the parties refer to the property underneath Vance's home that actually sits on Cibella's property as the "encroachment" and the six-foot perimeter around the encroachment as the "easement."

{¶27} An encroachment is "1. An infringement of another's rights. 2. An interference with or intrusion onto another's property." *Black's Law Dictionary* (10th ed. 2014).

{¶28} Whereas an "easement" is "[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose (such as to cross it for access to a public road). * * * Unlike a lease or license, an easement may last forever, but it does not give the holder the right to possess, take from, improve, or sell the land." *Black's Law Dictionary* (10th ed. 2014).

{¶29} The body of the May 9, 2018 original agreed judgment entry does not describe or identify the property to be conveyed, but it includes an attached legal description and separate map of the property to be conveyed to Vance. The land measurement description is titled "Legal Description Building *Easement*," and it describes the amount of the property as 196.89 square feet or 0.0045 acres "to be reserved as a

8

building easment." And the map attached to the original agreed entry is titled "Exhibit Map Building *Encroachment*," and the enlarged "detail" on the map depicts only the dwelling encroachment and does not depict an additional six feet around the dwelling.

{¶30} The parties later executed and filed an amended agreed judgment entry, dated June 6, 2019. According to both parties, the amended agreement was only intended to correct a typographical error and change the letter "E" to "W" describing east and west. However, the amended agreed judgment entry makes not only this change, but also three additional substantive changes.

{¶31} First, conspicuously absent from the legal description attached to the amended judgment entry is the title identifying the description as a "building easement." And secondly, unlike the description attached to the original agreed judgment entry, the legal description attached to the amended agreed judgment is missing the language stating that the land described therein "is to be reserved as a building easement."

{¶32} Finally, the map attached to the amended agreed judgment entry is also different than the one attached to the original agreed entry. The map affixed to the parties' amended judgment entry is captioned, "Map of Survey Lands of Carol L. Cibella" and the enlarged "detail" depicts more than that attached to the original entry. This map purports to convey from Cibella to Vance both the land under the Vance dwelling that encroaches on Cibella's property *and* an additional six-foot perimeter around the encroachment.

{¶33} Here, we agree that Cibella alleges operative facts that would warrant relief from judgment, i.e., the parties' agreement was to convey the property underlying the dwelling to Vance, not an additional six feet around the encroachment. The pleadings support this theory, and the attachments to the amended agreed judgment entry conflict

9

with the statement in both agreements that Vance was granted summary judgment on count one, which sets forth a claim for adverse possession of the encroached property, not an additional six feet.

{¶34} In light of the foregoing, the trial court must hold an evidentiary hearing to allow evidence as to the scope of the agreed conveyance because the record is conflicting. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, (1996), ("[T]he trial court should grant a hearing to take evidence to verify those facts before it rules on the motion.") Cibella's answer and her attorney's letter attached to Vance's complaint support Cibella's argument that she agreed to convey the land on which the dwelling sits, nothing more. Yet, the legal description and map attached to the amended agreed judgment entry depict the property beneath the dwelling in addition to a six-foot perimeter around it.

{¶35} Vance never sought an additional six feet via adverse possession, and as such, Cibella was not at risk of losing this property in the litigation. It would seemingly be an odd twist that she would agree to just give it away, but perhaps.

{¶36} Consequently, evidence is necessary to determine whether the parties agreed that the conveyance was limited to the property on which the dwelling sits, as the pleadings suggest, or if the parties agreed that Cibella was to convey the property on which the dwelling sits plus an additional six feet. Moreover, if there was a mistake of fact regarding the extent of the conveyance, evidence is necessary to assess whether the mistake was unilateral or mutual and if unilateral, whether Cibella was justified in failing to avoid the mistake. *Mamula v. Mamula*, 11th Dist. Trumbull No. 2005-T-0148, 2006-Ohio-4176, ¶ 13-14. Additionally, the court should assess whether Vance acted

10

improperly by attaching a different legal description and map of the property that exceeded the scope of the parties' agreement while representing that the amended agreed judgment entry was necessary only to change an E to a W. Accordingly, Cibella's assigned error has merit to the extent stated.

{¶37} The trial court's decision is reversed, and the case is remanded for an evidentiary hearing on the motion for relief from judgment.

TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.